ORIGINAL

FILED
HARRISBURG, PA

JUN 0 7 2004

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY FREEMAN,

      Plaintiff,

# 3:CV 04-1226

    -VS-

CIVIL ACTION NO:

WILLIAM MARTINEZ, CHAIRMAN,
PENNSYLVANIA BOARD OF
PROBATION AND PAROLE,

      And

Jury Trial Demanded

JEFFREY A. BEARD, SECRETARY,
PENNSYLVANIA DEPARTMENT OF
CORRECTIONS,

      Defendants,

Complaint

JURISDICTION

1) Jurisdiction to entertain the complaint is invoked under Title 42, U.S.C., §1983, and the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution.

PARTIES

2) **Plaintiff**: Is a prisoner housed at the Pennsylvania Department of Corrections (DOC) facility at the SCI Camp Hill, P.O. Box 200, Camp Hill, PA 17001-0200. His prison number is FH-2868.

3) **Defendant**: William Martinez, is the Chairman of the Pennsylvania Board of Probation and Parole, 1101 South Front Street, Harrisburg, PA. 17104, and Exercises the authority to

release prisoners on parole and with respect towards time spent in service of a sentence regarding parole revocation computations, and whether to issue a Parole Revocation Warrant.

4)   <u>Defendant</u>:   Jeffrey A. Beard, is the Secretary for the DOC, who enjoys the ultimate authority over all DOC operations, including computation of time of prisoners incarcerated on Parole Revocation Warrants.

STATEMENT OF FACTS

5)   On or about July 12, 1996, Plaintiff was arrested on Robbery charges and lodged in the Philadelphia House of Corrections (PHOC) on State Road, Philadelphia, Pa. He was unable to post bail.

6)   On September 12, 1996, Plaintiff was convicted of the Robbery charges and sentenced to a 1 to 3 year term of imprisonment. On October 21, 1996, he was delivered to the DOC at SCI Camp Hill, Pa. His prison number was DC-5350. The DOC credited him with the time served from the date of sentencing to the date of reception at the SCI Camp Hill, but neglected to credit him with the 2 month time span from July 12, 1996, to September 12, 1996. <u>See Exhibits A and A(1)</u> attached. DOC Sentence Computation Sheets.

7)   On November 13, 1997, Plaintiff was released on Parole. <u>See Exhibit B</u>, Parole Boards Notice of Potential Parole "after 09-12-97 To an approved plan." The Approved plan did not receive the Board's blessings until two months later.

Time spent in custody; One year; two months; and one day.

8)   On May 23, 1999, Plaintiff was arrested as a Parole Violator (PV) and lodged in the SCI Graterford, Pa.  No time

spent on parole was credited towards service of the three year sentence. See Exhibit C, DOC Computation Sheet; Exhibit D, Board's Notice of Action.[1]

9) On March 22, 2001, Plaintiff completed service of the three year Robbery sentence day for day. See Exhibit E, Board's Notice of Action citing "Parole Violation MAX DATE: 03/22/2001."

Time spent in custody; One year; nine months; and twenty-nine days.

10) However, at that time Plaintiff was not released to the custody of the New Jersey officials, who had lodged a detainer against him (See fn 1). Rather the DOC, assigned him a new number EQ-5416 and kept him in DOC custody until May 01, 2001. On that date New Jersey Agents took custody over him.

Time spent in uncredited custody; One month; and nine days.

11) On September 13, 2001, Plaintiff was released -Time Served on the New Jersey charges.

12) Despite having served the Three year Robbery sentence day for day, released to the New Jersey detainer, on June 06, 2001, the Parole Board issued a warrant for Plaintiff's arrest as a Parole Violator (PV) to serve twelve months backtime. See Exhibit F.

13) On May 12, 2002, Plaintiff was arrested on new charges, and as a PV on the old three year Robbery sentence. He was lodged in the DOC, re-assigned his old DOC NO: DC-5350 and

---

1. Although not a factor in this cause, January 10, 1999, Plaintiff was arrested by New Jersey officials, released 30 days later to Chester County, Pa. authorities to face criminal charges. From there on May 23, 1999, to the DOC facility at SCI Graterford, Pa. Thus, justifying the denial parole time credits by the Pa. Parole Board. the New Jersey charges remained as a detainer against Plaintiff.

ordered to "Serve unexpired term of 5 months, 27 days backtime" on the completed three year Robbery term. See Exhibit G.

14) On October 22, 2002, the Parole Board, and the DOC released him from service of the old completed three year Robbery term, and he commenced service of the new 2½ to 5 year term and was assigned DOC NO: FH-2868.

Time spent twice in service of the old Robbery sentence: Five (5) months and 27 days.

15) Plaintiff's attempts to correct the record regarding service of 5 months and 27 days twice for the Robbery sentence, the failure to credit him with time spent in the PHOC (2 months) and the idle time spent awaiting New Jersey officials to take custody over him (1 month and 9 days) fell on deaf ears. See Exhibits H, I, J & K.

Total custody time credits due the Plaintiff; Nine (9) months and Six (6) days.

FIRST CAUSE OF ACTION

16) Plaintiff incorporates into this cause of action all the statements made in paragraphs (1) through (15) above and further represents that:

17) On or about April 19, 2004, the Plaintiff presented the Defendants with a copy of this compliant seeking administrative relief in the nature of crediting his current term of imprisonment with nine months and six days of custody credits for time spent in DOC custody that was neither credited towards any term of imprisonment, or time spent twice in service of the same term of imprisonment.

18) Title 42, Pa. C.S.A. Rule 9760, Pa. Rules of Criminal

Procedure provided the Plaintiff with the custody credits he is entitled to.

19)   However, despite the ease of applying the benefits of Rule 9760 to Plaintiff's cause, the Respected Defendants have chosen not to do so, or otherwise respond to Plaintiff's request for administrative relief.  See Exhibit L attached.

20)   In light of the Defendants' commissions or omissions, as set forth above, Plaintiff seeks Declaratory Judgment that

a)   Defendants' failure to grant him the nine months and six days custody credits towards service of his present term of imprisonment:

b)   Violated his Due Process rights as they attach to Rule 9760; and

c)   Violated his rights under the equal protection clause of the Fourteenth Amendment, as other prisoners similarly situated have been granted custody credits; and

d)   Violated his rights under the Eight Amendment not to be subjected to cruel and unusual punishment.

21)   Plaintiff incorporates into this cause of action all the statements made in paragraphs (1) through (20) above and further represents that:

22)   The Defendants' commissions or omissions as set forth above violated the Plaintiff's rights under Title 42, U.S.C., §1983, which entitles him to seek redress for the constitutional torts inflicted upon him.

23)   Plaintiff seeks redress in the amount of Five Hundred Dollars ($500.00) per each day that he has been improperly imprisoned from each Defendant either collectively or

independently.

    24) All costs and fees associated with the filing and processing of this compliant be borne by the Defendants.


                                      *Anthony Freeman*
                                    Anthony Freeman
                                    FH 2868
                                    SCI Camp Hill
                                    P.O. Box 200
                                    Camp Hill, Pa 17001-0200

    Sworn and subscribed before me this _28th_ day of ~~April~~, *May* 2004.


                                      *Manuel Velazquez*
                                    NOTARY PUBLIC

    My Commission Expires On: _28th_ day of _May_, 2004


                                _____

                                  | seal |
                               NOTARIAL SEAL
                        Manuel Velazquez, Notary Public
                         Camp Hill, Cumberland County
                      My Commission Expires April 18, 2005

## FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983 or 28 U.S.C. § 1331

### COVER SHEET

THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT.  READ AND COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The cost for filing a civil rights complaint is $150.00.

If you do not have sufficient funds to pay the full filing fee of $150.00 you need permission to proceed *in forma pauperis*. However, the court will assess and, when funds exist, immediately collect an initial partial filing fee of 20 percent of the greater of:

    1)      the average monthly deposits to your prison account for the past six months; or

    2)      the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20% of the preceding month's deposits credited to your account until the entire filing fee is paid.

**CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF THE OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE DEFENDANTS ARE SERVED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    1.  You shall file a complaint by completing and signing the attached complaint form and mailing it to the Clerk of Court along with the full filing fee of $150.00.  (In the event attachments are needed to complete the allegations in the complaint, no more than three (3) pages of attachments will be allowed.)  If you submit the full filing fee along with the complaint, you DO NOT have to complete the rest of the forms in this packet. **Check here if you are submitting the filing fee with the complaint form.  ____**

    2.  If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C. § 1915 without paying the full filing fee at this time by completing the following: (1) Complaint Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization Form.  You must properly complete, sign and submit all three standard forms or your complaint may be returned to you by the Clerk of Court.  **Check here if you are filing your complaint under 28 U.S.C. § 1915 without full prepayment of fees.  ____**

**Please Note:**  If your case is allowed to proceed and you are awarded compensatory damages against a correctional facility or an official or agent of a correctional facility, the damage award will first be used to satisfy any outstanding restitution orders pending.  Before payment of any compensatory damages, reasonable attempts will be made to notify the victims of the crime for which you were convicted concerning payment of such damages.  The restitution orders must be fully paid before any part of the award goes to you.

## DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS

## II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.     Is there a prisoner grievance procedure available at your present institution?   XX Yes ____No

B.     Have you fully exhausted your available administrative remedies regarding each of your present claims?   XX Yes ____No

C.     If your answer to "B" is Yes:

    1.   What steps did you take?   Appealed to Institution level, and the Secretary to the Pa. Dept. of Corrections,

    2.   What was the result?   Appeal denied.

D.     If your answer to "B" is No, explain why not: _____

_____

## III.   DEFENDANTS

(1) Name of first defendant: James A. Beard,

Employed as   Secretary, DOC   at   2520 Lisburn Rd. Camp Hill, Pa.
Mailing address: _____

(2) Name of second defendant:   William Martinez,
Employed as   Secretary   at   Pa. Bd. Probartion & Parole
Mailing address:   Harrisburgh, Pa.   17120

(3) Name of third defendant: _____
Employed as _____ at _____
Mailing address: _____

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including dates and places.  Do not give any legal arguments or cite any cases or statutes.  Attach no more than three extra sheets if necessary.)

    1.   Have been falsely imprisoned for:   nine months, 6 days,

See attached 1983 complaint.

2. _____

3. _____

## V.  RELIEF

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

1.    Declaratory relief, that Plaintiff has been falsely

   imprisoned for:    nine months and six days.

   See attached 1983 complaint

2.    Jury trial on damages claimed to be $500 per each day

   falsely imprisoned.

   See attached 1983 complaint.

3.    All costs, filing fees and processing of this complaint

   be borne by the Defendants.

3

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ____5____ day of ____26 - 04____ , ____ .

_Anthony Freeman_
(Signature of Plaintiff).

4

Anthony Freeman
FH 2868
SCI Camp Hill
P.O. Box 200
Camp Hill, Pa 17001-0200

June 01, 2004

U.S. Clerk Of Court's Offices
228 Walnut Street
P.O. Box 983
Harrisburg, PA  17101

Dear Clerk Of Courts:

    Enclosed please find the following documents.

        1)    An original and four copies of a Section 1983
Civil Rights complaint.  Two copies are submitted for service
upon the two defendants.   The original for this office and a
copy for the Court.

        2)    An executed "Authorization" for the Pennsylvania
Department Of Corrections (DOC) to provide this Office with a
six month accounting of my prison account.   And that six month
accounting.

        3)    A completed form, supplied by this Office, to
proceed in forma pauperis fashion.

        4)    A completed form demonstrating the exhaustion of
my administration remedies, the nature of the complaint, and
the remedy sought.


    If the foregoing is incomplete, please advise via the
address above.    Thank you.


                            Very truly yours,


                            Anthony Freeman



Name  ANTHONY FREEMAN
Number  FH 2868
P.O. Box 200
Camp Hill, Pennsylvania  17001-0200

U.S. CLERK OF COURTS
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA. 17101

JUN 04'04
PBmeter
7113424  U.S. POSTAGE
=3.95=