IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY FREEMAN, | : | |
| | : | No. 3:CV-04-1226 |
| Plaintiff | : | |
| | : | (M. J. Smyser) |
| v. | : | |
| | : | |
| WILLIAM MARTINEZ, et al., | : | |
| | : | |
| | : | |
| Defendants | : | Electronically filed |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**Introduction**

This case is a civil action for damages brought pursuant to 42 U.S.C. §1983 by an inmate of a state correctional institution against the former Chairman of the Pennsylvania Board of Probation and Parole, Benjamin Martinez, and the Secretary of the Pennsylvania Department of Corrections, Jeffrey Beard, Ph.D.  Plaintiff claims that the defendants improperly calculated his sentence or failed to give him sentence credit on a Pennsylvania sentence to which he believes he was entitled.  Plaintiff has filed a motion for summary judgment, and defendants have filed a cross-motion for summary judgment.  This brief and the accompanying documents

are submitted by defendants in opposition to plaintiff's motion for summary judgment and in support of their cross-motion for summary judgment.

**Statement of Facts**

As the documents submitted with this brief demonstrate, in October 1996 plaintiff was convicted of the offense of robbery and sentenced by the Court of Common Pleas of Philadelphia County to a term of incarceration of 1-3 years. He was not awarded pre-commitment credit by the court with the exception of the period from 9/12/96 to 10/17/96. In 1997, plaintiff was paroled by the Board at his minimum. (Weller declaration and attachments).

In September 1999, plaintiff was recommitted by the Board to serve 12 additional months on his original sentence by virtue of his technical parole violations and his conviction by a court of common pleas of another offense. Plaintiff was in custody for 90 days in 1999 serving a county jail sentence. (Id.) Thereafter, in February 2000, plaintiff was directed by the Board that his maximum sentence would be subject to change if he were convicted on another charge that had been lodged against him by the police in Camden, New Jersey. At this time, plaintiff was in Pennsylvania state custody serving the previously imposed "backtime" on his original 1996 sentence. (Id.)

By Board action dated September 29, 2000, the Board advised plaintiff that he must serve the unexpired maximum on the 1996 conviction, which at that point had been recalculated to March 22, 2001. (Id.)  By Board action dated March 7, 2001, the Board modified its February 2000 action by rescinding the parole maximum date and adding "when available."  This was done because plaintiff had been convicted of the New Jersey charge and the remaining "backtime" on the original Pennsylvania sentence would not be imposed until plaintiff were "available" to Pennsylvania authorities to serve it. (Id.)  On June 18, 2001, the Board recommitted plaintiff to serve 12 additional months on his original sentence as a convicted parole violator which was caused by his conviction and sentencing in New Jersey.  (Id.)

For some reason, plaintiff was erroneously released by New Jersey authorities from his New Jersey sentence in September 2001 instead of returned to the authority of the Pennsylvania Board pursuant to the outstanding March 2001 order requiring him to serve his "backtime" when available to Pennsylvania authorities to do so.  Rather than being returned to Pennsylvania, plaintiff was released by the New Jersey authorities to the street. (Id.)

By decisions dated May 30, 2002, and June 19, 2002, the Board referred to its recommitment order of June 18, 2001, and directed that

plaintiff serve 5 months, 27 days of additional "backtime" on his original 1996 sentence. (Id.)  In March 2003, plaintiff was convicted and sentenced in a court of common pleas to a term of 2-1/2 to 5 years for offenses committed while he was free from custody after his erroneous release in New Jersey.  (Id.)

As a result of the above-referenced decisions of the Board and plaintiff's convictions for offenses while on parole, the following represents the chronology of his confinement credit and "street time" following the original 1996 conviction:

| | |
|---|---|
| 9/12/96 to 10/30/97 | PA state custody on 1996 conviction |
| 2/10/99 to 2/23/99 | PA state custody serving backtime |
| 2/23/99 to 5/23/99 | Chester Co. custody (90 day flat sentence) |
| 5/23/99 to 9/25/00 | PA state custody serving backtime |
| 9/25/00 to 9/12/01 | Camden County, NJ  (NJ sentence) |
| 9/12/01 to 4/14/02 | time spent on street due to erroneous release by NJ authorities |
| 4/14/02 to 4/25/02 | arrest and detention by Philadelphia authorities; credit applied to new 2003 convictions |
| 4/25/02 to 10/22/02 | PA state custody serving backtime |
| 10/22/02 to present | PA state custody serving sentence for 2003 convictions |

(Id.)

4

Thus, plaintiff served the entirety of the 3-year sentence imposed by the Court of Common Pleas of Philadelphia County in 1996 for the robbery conviction.  (Id.)

**Question Presented**

Whether plaintiff's motion for summary judgment should be denied, and defendants' cross-motion for summary judgment granted, because there was no error in the calculation of sentence credits by the Department of Corrections or the Board of Probation and Parole?

**Argument**

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED, AND DEFENDANTS' CROSS-MOTION GRANTED, BECAUSE THERE WAS NO ERROR IN THE CALCULATION OF SENTENCE CREDITS BY THE DEPARTMENT OF CORRECTIONS OR THE BOARD OF PROBATION AND PAROLE.**

As framed by his complaint, and as confirmed by his deposition testimony, plaintiff contends that the defendants have miscalculated his sentence and that he should be awarded sentence credit for three reasons: 1) he spent two months in pre-trial custody in 1996 which should have been credited on his 1996 sentence (see Freeman depo. at p 12);[1]

---

[1] The pre-trial custody claim is without merit because the court of common pleas simply did not award the pre-commitment credit to which plaintiff apparently believes he was entitled.  (SMF 3).  In accordance with Pennsylvania statute, pre-commitment credit must be awarded by the committing court for it to be effective.  *See* 42 Pa. Cons. Stat. §9760.  In this case, the court of common pleas awarded credit only from 9/12/96 to 10/17/96.  (SMF 3).  Furthermore, it would appear that any claim based on pre-commitment credit in 1996 is time-barred.  Plaintiff has testified that he did nothing about this issue until 2001 when another inmate brought it to his attention that he may be entitled to such credit.  *See* Freeman depo. at pp. 12-14, 38; Ferri depo. at pp.4-5.  While plaintiff had seen his sentence status summary before then, for whatever reason he took no action until 2001.  *Id.*               (footnote continued on next page)

2) he is entitled to 5 months and 27 days credit on the 1996 sentence because the Board erroneously considered him to be a parole violator when it assessed this time as "backtime" on the 1996 sentence (Freeman depo. at pp.15-16); and 3) he is entitled to one month and nine days credit for time spent in 2001 at SCI-Camp Hill awaiting transfer to New Jersey to serve time there pursuant to a conviction in that state (Freeman depo. at 29-30). For the following reasons, plaintiff's motion for summary judgment should be denied and defendants' motion for summary judgment granted on these claims. *See Celotex Corp. v. Catrett,* 477 U.S. 322-23 (1986).

Pursuant to the Pennsylvania Parole Act, the Board of Probation and Parole is given the discretion both to parole an inmate when he has reached the minimum expiration date on his sentence and has satisfied other pre-release eligibility conditions, and to recommit as a parole violator any parolee who is convicted, found guilty or pleads *nolo contendere* to any crime punishable by imprisonment. Pa. Stat. Ann. tit. 61, §331.21a(a) (Purdon). If recommitment is so ordered by the Board, that section authorizes it to require the parolee to serve the remainder of the term he would have been compelled to serve had he not been paroled, giving the

---

Thus, any claim based on credit for pre-commitment custody in 1996 would be barred by the two-year statute of limitations applicable to section 1983 actions in Pennsylvania even if it had been awarded and not properly credited. *See Garvin v. City of Philadelphia,* 354 F.3d 215, 220 (3d Cir. 2003).

parolee no credit for time at liberty on parole. *Griffin v. Pennsylvania Dept. of Corrections,* 862 A.2d 152, 155 n. 3 (Pa. 2004).

As the undisputed facts submitted by defendants establish, plaintiff was paroled from his 1996 sentence in 1997, but because of subsequent arrests and convictions, both in Pennsylvania and New Jersey, he was directed by the Board to serve additional periods of "backtime" on his original sentence, which eventually led to his serving the entire three year sentence for the 1996 robbery conviction. The computation from the conviction and parole records reveals that there simply was no error in the credit given to plaintiff and he can point to no violation of his constitutional rights to due process or freedom from cruel and unusual punishment.[2]

Accordingly, plaintiff's motion for summary judgment should be denied and defendants' motion for summary judgment granted. *Celotex Corp. v. Catrett, supra.*

---

[2] Apparently plaintiff believes that the notice of Board action dated 9/29/00, which recalculated his maximum date to 3/22/01, entitled him to be released in March 2001 and that any time served after that date amounted to false imprisonment. *See* Freeman depo. at 16-17. What plaintiff overlooks is that the 9/29/00 action did not modify the portion of the earlier 2/17/00 action stating, "Max is subject to change if convicted of New Jersey charge." Plaintiff in fact was convicted of that New Jersey charge and, although the New Jersey authorities erroneously released him from custody in September 2001, this error by New Jersey did not deprive the Pennsylvania Board of authority to require plaintiff to serve the backtime when he became available to do so. Thus, neither the time spent at SCI-Camp Hill in 2001 awaiting transfer to New Jersey nor the additional 5 months, 27 days of backtime assessed by the Board provides the basis for any viable claim under 42 U.S.C. §1983.

**Conclusion**

For the above-stated reasons, plaintiff's motion for summary judgment should be denied. Rather, summary judgment should be entered in favor of defendants.

                            Respectfully submitted,

                            THOMAS W. CORBETT, JR.
                            Attorney General

                  By:   /s/ Gregory R. Neuhauser
                            GREGORY R. NEUHAUSER
                            Senior Deputy Attorney General

                            SUSAN J. FORNEY
                            Chief Deputy Attorney General
                            Chief, Litigation Section

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA  17120
(717) 783-1471

Date:  March 18, 2005

# **CERTIFICATE OF SERVICE**

Gregory R. Neuhauser, Senior Deputy Attorney General, Commonwealth of Pennsylvania, hereby certifies that on March 18, 2005, he caused a copy of the foregoing **Memorandum in Opposition to Plaintiff's Motion for Summary Judgment** to be served by depositing it in the United States mail, first-class postage prepaid, at Harrisburg, Pennsylvania, addressed to the following:

Anthony Freeman, FH-2868
State Correctional Institution
P.O. Box 200
Camp Hill, PA  17001-0200

            /s/  Gregory R. Neuhauser
            GREGORY R. NEUHAUSER
            Senior Deputy Attorney General