```
            UNITED STATES DISTRICT COURT
          MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| ANTHONY FREEMAN, | : | CIVIL NO. **3:04-CV-1226** |
| | : | |
| Plaintiff | : | (Magistrate Judge Smyser) |
| | : | |
| v. | : | |
| | : | |
| WILLIAM MARTINEZ, *Chairman,* | : | |
| *Pennsylvania Board of Proba-* | : | |
| *tion and Parole;* and | : | |
| JEFFREY A BEARD, *Pennsylvania* | : | |
| *Department of Corrections*, | : | |
| | : | |
| Defendants | : | |

## **MEMORANDUM AND ORDER**

I. Background and Procedural History.


        The plaintiff, a prisoner proceeding *pro se*, commenced

this action by filing a complaint on June 7, 2004.  The

defendants are Benjamin A. Martinez, the former Chairman of the

Pennsylvania Board of Probation and Parole, and Jeffrey A.

Beard, the Secretary of the Pennsylvania Department of

Corrections.  The plaintiff claims that his sentence was not

properly calculated and, as a result, he served time in prison

beyond the expiration of his maximum sentence.  The plaintiff is seeking a declaratory judgment declaring that the defendants' failure to grant him credit toward the sentence he is currently serving for the excess time he spent in custody on his earlier sentence violated his due process rights, his equal protection rights, and his rights under the Eighth Amendment to be free from cruel and unusual punishment.  The plaintiff is also seeking monetary damages for each day that he contends he was improperly imprisoned.

The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) and the case was referred to the undersigned magistrate judge.

On October 22, 2004, the defendants filed an answer to the complaint.

On January 28, 2005, the plaintiff filed a motion for summary judgment and a brief and documents in support of that motion.  After requesting and receiving extensions of time, the defendants filed a brief in opposition to the plaintiff's

motion for summary judgment on March 18, 2005.  Also on March 18, 2005, the defendants filed a cross-motion for summary judgment, a brief in support of that motion, a statement of material facts, and documents in support of their motion.  On April 15, 2005, the plaintiff filed "Plaintiff's Re-Newed Motion for Summary Judgment" and exhibits in support of that motion.  On May 4, 2005, the plaintiff filed a response to the defendants' statement of material facts.  Also on May 4, 2005, the plaintiff filed a document he entitled: "Plaintiff's Answer to Defendant's Summary Judgment Motion And: Plaintiff's Re-Newed Motion for Summary Judgment."  On May 4, 2005, the plaintiff filed a document he titled as a brief in support of his answer to the defendants' cross-motion for summary judgment and as a brief in support of his re-newed motion for summary judgment.  On May 16, 2005, the defendants filed a reply brief in support of their cross-motion for summary judgment.

     This Memorandum and Order addresses the pending summary judgment motions.

II. Summary Judgment Standard.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, though the non-moving party must make a showing sufficient to establish the existence of each element of his case on which he will bear the burden of proof at trial." *Huang v. BP Amoco Corp.*, 271 F.3d 560, 564 (3d Cir. 2001); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

"A factual dispute is material if it bears on an essential element of the plaintiff's claim, and is genuine if a reasonable jury could find in favor of the nonmoving party." *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 580 (3d Cir. 2003). In determining whether an issue of material fact exists, the court must consider all evidence in

4

the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). "Our function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Federal Home Loan Mortgage Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 443 (3d Cir. 2003).

III. Undisputed Facts.

Normally one would think that the historical facts surrounding a sentence calculation could easily be determined from the documentary record and, thus, would not be in dispute. However, in this case the parties disagree on many of the pertinent dates relevant to the sentence calculation in this case. The following general facts are not in dispute for purposes of the pending summary judgment motions.

On or about July 12, 1996, the plaintiff was arrested on robbery charges and detained at the Philadelphia House of

Corrections. *Complaint at ¶ 5 and Answer at ¶5.* The plaintiff was not able to post bail. *Id.*

The plaintiff was subsequently convicted of robbery and sentenced to a term of imprisonment of one to three years. *Complaint at ¶6 and Answer at ¶6.*[1]  By a Notice of Board Decision dated September 10, 1997, the Pennsylvania Board of Probation and Parole (Board) indicated that the plaintiff was to be paroled on or after September 12, 1997 provided he met certain conditions. *Doc. 66 - Second Exhibit attached to Weller Decl.*  The plaintiff was subsequently released on parole.[2]

---

[1] The exact date of the plaintiff's conviction and sentence are not entirely clear.  The plaintiff alleges in his complaint that he was convicted and sentenced on September 12, 1996. *Complaint at ¶6.*  In their answer to the complaint, the defendants admit the allegation in the complaint that the plaintiff was convicted and sentenced on September 12, 1996. *Answer at ¶6.*  However, in their statement of material facts, the defendants assert that the plaintiff was convicted and sentenced in October of 1996. *Doc. 66 at ¶3.*

[2] The date of the plaintiff's release on parole is also not clear from the record in this case.  The plaintiff alleges in his complaint that he was released on parole on November 13, 1997. *Complaint at ¶7.*  In their answer to the complaint, the defendants admit the allegation in the complaint that the plaintiff was released on parole on November 13, 1997. *Answer at ¶7.*  However, in their statement of material facts, the defendants assert that the plaintiff was paroled at the expiration of his minimum sentence. *Doc. 66 at ¶3.*  According

**(continued...)**

Sometime in 1999, the plaintiff was arrested as a parole violator and lodged at SCI-Graterford.[3]

In addition to his 1996 robbery sentence, the plaintiff was also convicted of charges from Chester County, Pennsylvania, from Camden County, New Jersey, and from Philadelphia, Pennsylvania.

---

[2](...continued)
to Sentence Status Summary sheets from the Department of Corrections the plaintiff's minimum sentence expired on September 12, 1997. *Doc. 1, Exhibits A, A(1) & C.* The defendants submitted a declaration from Kathryn Weller, a Corrections Records Supervisor at SCI-Camp Hill.  Weller states in her declaration that the plaintiff was paroled at his minimum. *Weller Decl.* at ¶4.  Weller, however, also indicates in her declaration that the plaintiff was in custody on his 1996 conviction until October 30, 1997. *Weller Decl.* at ¶12. *See also Defendants' Statement of Material Facts at ¶13.*

[3] The date the plaintiff was arrested as a parole violator is also not clear from the record in this case.  The plaintiff alleges in his complaint that he was arrested as a parole violator on May 23, 1999. *Complaint at ¶8.* In their answer to the complaint, the defendants admit the allegation in the complaint that the plaintiff was arrested as a parole violator in May of 1999. *Answer at ¶8.* In their statement of material facts, the defendants assert that in September of 1999 the plaintiff was recommitted by the Board to serve 12 additional months on his original sentence. *Doc. 66 at ¶4.* Weller, however, also indicates in her declaration that the plaintiff was in state custody serving backtime on his sentence from February 10, 1999 to February 23, 1999.

7

IV. The Plaintiff's Claims.

The plaintiff claims that he should have been given two months credit toward service of his 1996 robbery sentence for time he had spent in pretrial confinement.

The plaintiff also claims that he was imprisoned beyond the expiration of his maximum sentence.

A. Two Months Credit for Pre Trial Confinement.

The plaintiff was awarded credit by the court for the period from September 12, 1996 to October 17, 1996. *Doc. 66, First Exhibit attached to Weller Decl.* The plaintiff, however, contends that he should also have been awarded credit for the period from July 12, 1996 to September 12, 1996, time he had spent in pretrial confinement.

42 Pa.C.S.A. § 9760(1) provides:

> After reviewing the information submitted under section 9737 (relating to report of

8

>    outstanding charges and sentences) the court
>    shall give credit as follows:
>         (1) Credit against the maximum term and
>    any minimum term shall be given to the
>    defendant for all time spent in custody as a
>    result of the criminal charge for which a
>    prison sentence is imposed or as a result of
>    the conduct on which such a charge is based.
>    Credit shall include credit for time spent in
>    custody prior to trial, during trial, pending
>    sentence, and pending the resolution of an
>    appeal.

Pursuant to § 9760(1) it is the court that awards sentencing credit for time spent in custody prior to trial. The Department of Corrections does not have a duty or the authority to grant credit for time served when the trial court did not so provide in its sentencing order. *McCray v. Pennsylvania Dept. of Corrections,* ___ A.2d ___, 2005 W.L. 972653 at *5 (Pa. Apr. 27, 2005). The plaintiff could have pursued his claim for credit for the two months he spent in pretrial detention with the sentencing court and then, if necessary, on direct appeal of his sentence. The defendants in this case can not be held liable for failure of the plaintiff to seek or to receive credit for time served from the sentencing court. Accordingly, the defendants will be granted

9

summary judgment on the plaintiff's claim regarding credit for two months he spent in pretrial confinement.

> B. Plaintiff's Claims that he was Imprisoned Beyond the Expiration of his Maximum Sentence.

The plaintiff contends that as of March 22, 2001 he had served his entire three-year robbery sentence. He claims that despite serving his entire three-year sentence he was not released on March 22, 2001 but rather he was illegally kept in custody on his robbery sentence until May 1, 2001.

The plaintiff also claims that despite the fact that he had already served his entire three-year robbery sentence, in 2002 the Board purported to revoke his parole and required him to serve an additional five months and 27 days on the robbery sentence.

A prisoner has a right to be released at the expiration of his or her sentence, and detention beyond the termination of the sentence may be in violation of the Eighth Amendment.

10

*Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989).  To establish that a defendant is liable pursuant to § 1983 liability for incarceration of a prisoner without penological justification the plaintiff must demonstrate the following three elements: 1) that the defendant had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted; 2) that the defendant either failed to act or took only ineffectual action under the circumstances, indicating that the defendant's response to the problem was a product of deliberate indifference to the prisoner's plight; and 3) a causal connection between the official's response to the problem and the unjustified detention.  *Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993).

    The defendants contend that there was no error in the calculation of the plaintiff's sentence and that, therefore, they are entitled to summary judgment on the plaintiff's claims that he was incarcerated beyond the expiration of his maximum sentence.  The defendants set forth the following chronology of the plaintiff's confinement and street time following his 1996 conviction:

11

```
9/12/96 to 10/30/97   -   PA state custody on 1996
                          conviction

2/10/99 to 2/23/99    -   PA state custody serving
                          backtime

2/23/99 to 5/23/99    -   Chester county custody (90 day
                          flat sentence)

5/23/99 to 9/25/00    -   PA state custody serving
                          backtime

9/25/00 to 9/12/01    -   Camden County, NJ (NJ sentence)

9/12/01 to 4/14/02    -   time spent on street due to
                          erroneous release by NJ
                          authorities

4/14/02 to 4/25/02    -   arrest and detention by
                          Philadelphia authorities;
                          credit applied to new 2003
                          convictions

4/25/02 to 10/22/02   -   PA state custody serving
                          backtime

10/22/02 to present   -   PA state custody serving
                          sentence for 2003 convictions
```

The plaintiff disputes the accuracy of the defendants' chronology. As indicated before, the plaintiff contends that he completed his maximum three-year sentence for robbery on March 22, 2001 and that any detention on the sentence beyond that date was illegal. The plaintiff has submitted what

12

appears to be a Department of Corrections summary of his service of his 1996 robbery sentence. *Doc. 77, Exhibit P.* Contrary to the defendants' chronology, this document contains an entry indicating that the plaintiff's sentence was completed on March 22, 2001. *Id.* This document also appears to contradict the defendants' chronology in another way: it seems to indicate that the plaintiff was in the custody of the Department of Corrections actively serving his robbery sentence from 2/21/01 to 3/22/01, whereas the defendants' chronology indicates that during that time period the plaintiff was serving a New Jersey sentence. *Id.*

There are questions of fact surrounding the dates the plaintiff was in the custody of the Department of Corrections serving his robbery sentence. Thus, at this point we can not determine whether the plaintiff was kept in custody beyond the expiration of his maximum sentence. Accordingly, we will deny the plaintiff's motions for summary judgment and the defendants' cross-motion for summary judgment with regard the plaintiff's claims that he was imprisoned beyond the expiration of his maximum sentence.

13

V. Order.

**IT IS HEREBY ORDERED** that the plaintiff's motions (docs. 52, 77 & 79) for summary judgment are **DENIED. IT IS FURTHER ORDERED** that the defendants' cross-motion (docs. 66 & 69) for summary judgment is **GRANTED IN PART AND DENIED IN PART**. The defendants are granted summary judgment on the plaintiff's claim regarding two months credit for time he spent in pretrial detention.  The Clerk of Court is directed to delay entering judgment on that claim until the conclusion of the entire case. The defendants' cross-motion for summary judgment is denied in all other respects.  Since the discovery deadline and dispositive motions deadline have passed, a pretrial conference shall be held on July 21, 2005, at 10:00 a.m., in Chambers, Room 1110, Eleventh Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.  A writ of habeas corpus ad testificandum will be issued to secure the plaintiff's presence at the pretrial conference.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

DATED: May 31, 2005.